UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **REGINOLD CAVOY STEED, #472318,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 3:19-cv-00568 |
| | ) |
| **TONY MAYES, Warden,** | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

This pro se habeas corpus case has been closed for more than three years. On November 3, 2023, Petitioner Reginold Steed filed a "Motion for Relief from Judgment Pursuant to F.R.C.P. Rule 60(b)(3) (d)(3)" (Doc. No. 23) and an application for leave to proceed in forma pauperis (IFP). (Doc. No. 24). As explained below, the Motion and IFP application will be denied.

**I. Procedural History**

On July 5, 2020, the Court denied Petitioner's pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and dismissed this case. (Doc. Nos. 13–15). Petitioner did not appeal.

On May 4, 2023, Petitioner sought permission from the U.S. Court of Appeals for the Sixth Circuit to file a second or successive habeas petition in this Court.[1] On October 6, 2023, the Sixth Circuit denied Petitioner's motion and entered judgment against him. (Doc. Nos. 18–19). In so ruling, the Sixth Circuit: (1) noted that this Court, in dismissing the case in 2020, had denied Petitioner's claim that "his attorney was ineffective at sentencing for failing to address the victim's post-trial recantation of his identification of Steed in a victim impact statement included in the

---
[1] See In re Steed, No. 23-5408, Doc. No. 1 (6th Cir. May 4, 2023).

presentence report"; (2) found that Petitioner now proposed to raise a new "claim concerning the victim's alleged recantation in the presentence report," this time asserting a due process violation based on the fact that the trial court's electronic docket report does not reflect the filing of the presentence report "because it included this exculpatory statement"; and (3) found that the proposed due process claim did not rely on a new rule of constitutional law or any new facts, but on (a) an electronic docket report that could have been discovered before Petitioner filed his § 2254 petition, and (b) speculative allegations of a recantation without proof that the recanting statement actually existed. (Doc. No. 18 at 1–3). The Sixth Circuit found that, not only was the electronic docket report offered by Petitioner not "new," it did not, by its failure to refer to the presentence report's filing, establish that the presentence report must have contained a recanting statement. (Id. at 3).

After receiving the Sixth Circuit's order and judgment, Petitioner filed a notice of appeal from this Court's July 2020 dismissal order on October 23, 2023. (Doc. No. 20). Ten days later, on November 3, he filed the instant Motion and IFP application in this Court as well as a motion for voluntary dismissal of his appeal in the Sixth Circuit; he asked the Sixth Circuit to "please terminate that appeal so the Rule 60(b) proceeding can commence in the U.S. District Court." Steed v. Fitz, No. 23-5941, Doc. No. 3 (6th Cir. Nov. 3, 2023). The Sixth Circuit dismissed the appeal on November 8, 2023. Id., Doc. No. 5.

**II. Analysis**

Although the Motion before the Court is styled a motion under "Rule 60(b)(3) (d)(3)" (Doc. No. 23 at 1), Petitioner primarily argues for relief under Rule 60(b)(3). He asserts fraud by the State, contending that the trial court's electronic docket report showing "there was no presentence report filed with the trial court in January 2016" amounts to evidence that "the State

2

elected to tender forged documents" when it produced records showing that the presentence report had been filed on January 4 and supplemented on January 14, 2016. (Doc. No. 23 at 1–2, 7; see Doc. No. 8-12, Exhibits from Sentencing Hearing, at 5, 18).

Rule 60(b)(3) allows for relief from judgment based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). But a Rule 60(b)(3) motion "must be made . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1); see Blunt v. Campbell, No. 19-1470, 2019 WL 11753818, at *2 (6th Cir. Aug. 8, 2019). Because judgment entered against Petitioner more than three years ago, his Motion under Rule 60(b)(3) is clearly untimely and subject to denial on that basis.

Petitioner also briefly argues for relief under Rule 60(d)(3), which allows an independent action in equity for fraud on the court "to prevent a grave miscarriage of justice, which in the habeas context requires a strong showing of actual innocence." Blunt, 2019 WL 11753818, at *2–3 (quoting Mitchell v. Rees, 651 F.3d 593, 596, 596 (6th Cir. 2011)) (internal quotation marks omitted). Assuming that the Motion could be construed as an effective vehicle for instituting such an independent action, it would not be untimely, as such actions "are not time-limited." Mitchell, 651 F.3d at 597 (quoting Buell v. Anderson, 48 F. App'x 491, 498 (6th Cir. 2002)). However, the Sixth Circuit has already rejected Petitioner's assertion of a claim arising from what the record in this case says about the presentence report's filing in state court, versus what the electronic docket report fails to say, and found that such discrepancy did not suffice to show "that no reasonable factfinder would have found him guilty of the underlying offense." (Doc. No. 18 at 2–3); cf. Blunt, 2019 WL 11753818, at *2–3 (approving district court's decision denying Rule 60 motion in habeas case on ground that Sixth Circuit "had decisively rejected this exact claim" earlier in the litigation).

Petitioner offers no new grounds to show that a different outcome is warranted as a matter of equity under Rule 60(d)(3). Accordingly, his Motion for such relief is without merit.

**III. Conclusion**

For the above reasons, Petitioner's Motion and IFP application (Doc. Nos. 23 and 24) are **DENIED**.

Because this constitutes a "final order adverse to" Petitioner, the Court must "issue or deny a certificate of appealability." Habeas Rule 11(a). A certificate of appealability may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Furthermore, where a habeas petition is dismissed on procedural grounds, a certificate of appealability will not issue unless "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Dufresne v. Palmer, 876 F.3d 248, 253 (6th Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

As reasonable jurists would not debate the Court's ruling on Petitioner's Rule 60 Motion, the Court **DENIES** a certificate of appealability. Petitioner may, however, seek a certificate of appealability directly from the Sixth Circuit Court of Appeals. Fed. R. App. P. 22(b)(1).

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE